FILED
2/1/2022 5:42 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles
Bexar County - 288th District Court

NO. 2022CI01934

| | | |
|---|---|---|
| MAGDA DE LA TORRE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DIRK BERRY and | § | |
| AKIN-PORTER PRODUCE, INC. | § | |
| dba AKIN & PORTER PRODUCE | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes MAGDA DE LA TORRE, Plaintiff, complaining of DIRK BERRY and AKIN-PORTER PRODUCE, INC. dba AKIN & PORTER PRODUCE, hereinafter called Defendants and for cause of action would respectfully show the Court and jury the following:

I.

Plaintiff is a resident of Bexar County, Texas.

Defendant DIRK BERRY is a resident of the State of Tennessee whose last known residence address is 1281 McCollum Rd., Greenfield, Tennessee 38230. By virtue of the operation of a motor vehicle on the public roads of Texas, as more particularly described below, Defendant DIRK BERRY has appointed the Chairman of the Texas Transportation Commission as his agent for service on whom citation may be served in accordance with Sections 17.062 and 17.063 of the Texas Civil Practice and Remedies Code.

In accordance with Texas law, Defendant DIRK BERRY is a nonresident motorist and may be served with a copy of the citation and this petition upon the Honorable J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, Texas Department of Transportation, 125 East 11th Street, Austin, Texas 78701. Accordingly, Plaintiff is requesting two (2) copies of

the citation and petition, in the name of Defendant DIRK BERRY, c/o Statutorily Appointed Agent, The Honorable J. BRUCE BUGG, JR., Chairman of the Texas Transportation Commission, Texas Department of Transportation, 125 East 11th Street, Austin, Texas 78701, who shall, in turn, transmit the same to the Defendant DIRK BERRY at his afore-stated address. Furthermore, payment of a required fee of $25.00 for a certificate of service from the Texas Department of Transportation is hereby made by check to the Texas Department of Transportation.

Defendant AKIN PORTER PRODUCE, INC. dba AKIN PORTER PRODUCE is a duly organized entity. Defendant AKIN PORTER PRODUCE, INC. may be served with process by delivery of citation to its registered agent for service of process, Mr. Joe D. Porter at 143 Airport Rd., Greenfield, Tennessee 38230-4008 or wherever he may be found.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs will conduct discovery under Texas R. Civ. P 190.3 (Level Two) as Plaintiff seeks only monetary damages, and monetary damages more than Fifty Thousand Dollars and less than One Million Dollars.

II.

Venue is proper pursuant to CPRC sec. 15.0002(a)(1) in Bexar County, Texas in that the cause of action accrued in Bexar County, Texas.

III.
### ALTER-EGO

In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such is a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

IV

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff when a motor vehicle operated by Plaintiff was struck by a vehicle driven by Defendant BERRY due to Defendant's negligence. On or about February 24, 2020, Defendant, while operating the said vehicle was negligent in various acts and omissions including, but not limited to, the following, which negligence was the proximate cause of the occurrence in question:

    A.    In traveling at an excessive rate of speed;

    B.    In failing to keep a proper lookout;

    C.    In failing to act as a reasonable person would have under the circumstances;

    G.    Due to driver inattention; and

    H.    Due to Defendant's taking faulty actions to avoid a collision with Plaintiff's motor vehicle.

Each and all of the above and foregoing acts, both of commission and omission by the Defendant BERRY constituted negligence and were, individually or in combination, the proximate cause of the incident made the basis of this suit and of the injuries and damages suffered by Plaintiff.

V.

As a result of the collision above described, the Plaintiff suffered personal injuries causing Plaintiff to sustain damages. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of Plaintiff's injuries. Plaintiff has been caused to incur medical charges and expenses in the past and may continue to incur medical expenses in the future for Plaintiff's injuries.

VI.

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court and is entitled to damages for: medical expenses (past); medical expenses (future); physical pain and suffering (past); physical pain and suffering (future) mental anguish (past); mental anguish (future); lost wages; loss of earning capacity; impairment; and loss of enjoyment of life. All in the amount of $500,000.00. Therefore, Plaintiff sues as set out herein and reserves her right to amend his pleadings.

VII
**RESPONDENT SUPERIOR AND VICARIOUS LIABILITY**

Defendant DIRK BERRY was acting in the course and scope of his employment with Defendant AKIN-PORTER PRODUCE, INC. dba AKIN & PORTER PRODUCE at all times relevant hereto. Accordingly, Defendant AKIN-PORTER PRODUCE, INC. dba AKIN & PORTER PRODUCE is liable for Defendant BERRY's negligence under the doctrines of respondent superior and vicarious liability.

VIII.
**CLAIM FOR PREJUDGMENT AND POSTJUDGMENT INTEREST**

Plaintiff herein claims interest in accordance with Texas Finance Code S. 304.001 *et seq.* and any other applicable law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer herein and that upon a final trial of this cause, Plaintiff recover:

1. Judgment against Defendants for Plaintiff's damages as set forth above;

2. Interest on said judgment at the legal rate from date of judgment;

3. Prejudgment interest as allowed by law;

4. Costs of Court; and

5. Such other and further relief to which Plaintiffs may be entitled.

Respectfully Submitted,

Manuel G. Escobar, Jr.
State Bar Number 06665800
4407 S Panam Expressway, Ste 108
San Antonio, Texas 78225
(210) 225-1400 Tel.
(210) 467-9846 Fax.
Email Address: escobarm2@gmail.com
ATTORNEY FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

FILED
3/4/2022 1:40 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Matthew Stanage
Bexar County - 288th District Court

Case 5:22-cv-00253-JKP-ESC   Document 1-1   Filed 03/15/22   Page 6 of 13

CAUSE NO. 2022CI01934

| | | |
|---|---|---|
| MAGDA DE LA TORRE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| DIRK BERRY and | § | |
| AKIN-PORTER PRODUCE, INC. | § | |
| dba AKIN & PORTER PRODUCE | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW DIRK BERRY and AKIN-PORTER PRODUCE, INC. DBA AKIN & PORTER PRODUCE, Defendants in the above-entitled and numbered cause, and for answer to the Plaintiff's pleading on file herein, would respectfully show unto the Court as follows:

### GENERAL DENIAL

1. Defendants invoke the provisions of Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and thereby exercise their legal right to require Plaintiff to prove all of the allegations contained in her pleading, if Plaintiff can so prove them, which is denied; and accordingly, Defendants deny generally the allegations of Plaintiff's pleading and demand strict proof thereof by a preponderance of the evidence.

### MEDICAL EXPENSES AND LOST WAGES

2. Defendants expressly invoke the limits on Plaintiff's "right" to recovery of medical or healthcare expenses in accordance with § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or healthcare expenses incurred by Plaintiff is limited to (1) those amounts that are both reasonable and necessary; and (2) the amount actually paid or incurred by or on behalf of the Plaintiff. *See also Haygood v. Escabedo*, 356 S.W.3d 390 (Tex. 2011).

3. Defendants also assert the requirements of TEXAS CIVIL PRACTICE AND REMEDIES CODE § 18.091 regarding any claims for lost earnings or loss of earning capacity. Plaintiff should

be required to prove her loss of earnings and/or loss of earning capacity in the form which represents net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any Federal income tax law under Tex. Civ. Prac. & Rem. Code § 18.091. Additionally, Defendants request this Court to instruct the jury as to whether recovery for compensatory damage sought by the Plaintiff, if any, is subject to Federal and State income taxes.

## Pre-Existing Conditions

4. Pleading further, Defendants would show that Plaintiff had pre-existing physical conditions totally unrelated to the incident made the basis of this lawsuit, and such pre-existing conditions are the sole cause and/or a proximate cause of the medical treatment and expenses incurred by Plaintiff, both before and after the accident made the basis of this lawsuit, and are the sole cause and/or a proximate cause of any lost time, loss of earnings, and earning capacity; physical impairment; and any pain, suffering, and mental anguish of Plaintiff. Defendants request the Court instruct the jury not to consider elements of damages incurred and caused by such pre-existing conditions.

## Subsequent Incidents, Conditions, and Disabilities

5. Pleading further, Defendants would show in the alternative that any injuries, damages, or liability complained of herein are the result, in whole or in part, of subsequent incidents, conditions, and/or disabilities of Plaintiff, and are not the result of any act or omission on the part of Defendants.

## Failure To Mitigate

6. Pleading further, Defendants would show that, to the extent Plaintiff had health insurance, Medicaid, or Medicare available to her and failed to submit such bills to her health

insurer, Medicaid, or Medicare, Plaintiff has failed to mitigate under §§ 41.0105 and 146.001-.003 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendants further assert that, if Plaintiff agreed or is required to pay a medical provider more than a reasonable amount for services, the difference between the amount paid and a reasonable amount is not the result of Defendants' conduct, but rather is due to the conduct of Plaintiff, Plaintiff's medical provider(s), and/or Plaintiff's authorized agents. Accordingly, Defendants are entitled to an instruction to the jury that the jury is not to consider elements of damages incurred and caused by Plaintiff's failure to mitigate damages. *See* In re *K&L Auto Crushers, LLC*, 607 S.W.3d 358 (Tex. App.–Dallas 2019, orig. proceeding) ("If a claimant agrees or is required to pay a medical provider more than a reasonable amount, the difference between the amount paid and a reasonable amount is not a 'necessary and usual result of the tortious act,' but of the claimant's or provider's conduct.")(citation omitted).

## SOLE PROXIMATE CAUSE/NEW & INDEPENDENT

7. The injuries and damages of which Plaintiff complains were wholly caused by a new and independent cause or causes not reasonably foreseen by Defendants, or by intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause to any injuries and damages to Plaintiff; therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury, such that any and all of the negligent acts or omissions of which Plaintiff complains as to Defendants were not the cause of any damages or injuries suffered by Plaintiff.

## NOTICE OF INTENT

8. Defendants hereby give notice of intent to utilize all documents produced by any party, including Plaintiff, against Plaintiff in any pre-trial proceeding or at the trial of this cause,

to the extent allowed under the TEXAS RULES OF CIVIL PROCEDURE and the TEXAS RULES OF EVIDENCE, insofar as the authenticity of such documents is concerned.

### LIMITATIONS ON INTEREST (PRE/POST-JUDGMENT)

9. Defendants denies that they are liable to Plaintiff for any damages, and assert that, if any damages are awarded, TEXAS FINANCE CODE § 304.104-105 governs the calculation of pre-judgment interest, if any; and § 304.003(c) governs the calculation of post-judgment interest, if any. Further, Defendant asserts that TEXAS FINANCE CODE § 304.1045 disallows pre-judgment interest on future damages, if any.

### AMENDMENT OF PLEADINGS

10. Defendants reserves the right to amend their pleadings upon the conclusion of discovery.

### ELECTRONIC SERVICE

11. Defendants request that service of pleadings, orders, discovery, and notices in this cause be made electronically upon their counsel of record and team at: rangec1@nationwide.com, robertp2@nationwide.com, and hartmq1@nationwide.com. Defendants reserve the right to amend the service addresses by providing written notice to all parties of record.

### JURY DEMAND

12. Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants demand a jury trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiff take nothing from this lawsuit; that Defendants recover their costs of suit; and that Defendants be

granted such other and further relief, both general and special, at law or in equity, to which they may show themselves justly entitled to receive.

                Respectfully submitted,

**LAW OFFICE OF JOHN MARTINEZ**
1100 Northwest Loop 410, Suite 370
San Antonio, Texas 78213-2200
(210) 949-0166
(210) 390-3547 Direct
(855) 949-1338 Facsimile
rangec1@nationwide.com

_____
CAROLYN K. RANGEL
State Bar No. 24072534

ATTORNEY FOR DEFENDANTS
**DIRK BERRY AND AKIN-PORTER PRODUCE, INC. DBA AKIN & PORTER PRODUCE**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been forwarded to the following via hand-delivery, U.S. Mail, fax or electronic service in accordance with the Texas Rules of Civil Procedure on the 4th day of March, 2022.

    Manuel G. Escobar, Jr.
LAW OFFICE OF MANUEL G. ESCOBAR, JR.
4407 S. Panam Expressway, Suite 108
San Antonio, TX  78225
(210) 225-1400 | (210) 467-9846 Fax
Escobarm2@gmail.com
***Attorney for Plaintiff, Magda De La Torre***

_____
CAROLYN K. RANGEL

CAUSE NO. 2022CI01934

| | | |
|---|---|---|
| MAGDA DE LA TORRE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| DIRK BERRY and | § | |
| AKIN-PORTER PRODUCE, INC. | § | |
| dba AKIN & PORTER PRODUCE | § | BEXAR COUNTY, TEXAS |

## NOTICE OF APPEARANCE
## AND DESIGNATION OF LEAD COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DIRK BERRY and AKIN-PORTER PRODUCE, INC. dba AKIN & PORTER PRODUCE, Defendants in the above styled and numbered cause, and hereby submit their Notice of Appearance and Designation of Lead Counsel, and for same would show the Court as follows:

I.

The Defendants hereby notify all parties in interest that HUGH HOWERTON of The Law Office of John Martinez, has been designated as Lead Counsel in the above styled and numbered cause.

II.

Defendants request that all future correspondence and pleadings in this cause also be directed to Hugh Howerton. The contact information for the attorney is:

Law Office of John Martinez
Hugh Howerton
State Bar No. 10117950
1100 N.W. Loop 410, Suite 370
San Antonio Texas 78213
(210) 390-3548 Telephone
(210) 949-1338 Facsimile
Howerh1@nationwide.com


Respectfully submitted,

**LAW OFFICE OF JOHN MARTINEZ**

1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 390-3548
(855) 949-1338 FACSIMILE
Howerh1@nationwide.com

_____
HUGH HOWERTON
State Bar No. 10117950

ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on March 15, 2022:

Manuel G. Escobar, Jr.
SBN: 06665800
4407 S. Panam Expressway, Suite 108
San Antonio, Texas 78225
(210) 225-1400 | (210) 467-9846 Fax
Email: escobarm2@gmail.com
***Attorney for Plaintiffs***

 

_____
HUGH HOWERTON